# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| **LINCOLN BENEFIT LIFE COMPANY,** ) | |
| ) | U.S. District Judge _____ |
| **Plaintiff,** ) | Case No. _____ |
| ) | |
| v. ) | |
| ) | |
| **TIMOTHY A. BOLTON,** ) | |
| 21 Carriage Station Dr. ) | |
| Cincinnati, Ohio 45245-2633 ) | |
| ) | |
| **and** ) | |
| ) | |
| **RICHARD L. SCHULTE II** ) | |
| 3932 Banks Road, Apt. 11 ) | |
| Cincinnati, Ohio 45245-2403 ) | |
| ) | |
| **Defendants.** ) | |

## COMPLAINT FOR INTERPLEADER RELIEF

Plaintiff, Lincoln Benefit Life Company, by its undersigned attorneys, hereby files its Complaint for Interpleader Relief pursuant to 28 U.S.C. § 1332 and Rule 22 of the Federal Rules of Civil Procedure against Timothy A. Bolton and Richard L. Schulte II, and states as follows:

### Parties

1. Plaintiff Lincoln Benefit Life Company ("LBL") is a Nebraska insurance company with its principal place of business in Lincoln, Nebraska.

2. Defendant Timothy L. Bolton is a citizen and resident of the State of Ohio, residing in Clermont County.

3. Defendant Richard L. Schulte II is a citizen and resident of the State of Ohio, residing in Clermont County.

**Jurisdiction and Venue**

4. This Court has original jurisdiction pursuant to 28 U.S.C. 1332(a)(1). Complete diversity of citizenship is present as Plaintiff is a citizen of the State of Nebraska and Defendants are citizens of the State of Ohio. Further, as set out below, the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

5. Venue is proper in the Court pursuant to 28 U.S.C. § 1391 because at least one of the Defendants resides in Clermont County, Ohio, which is in the Southern District of Ohio, Western Division pursuant to 28 U.S.C. § 115 (b)(1).

**Factual Background**

6. On or about December 17, 2005, LBL issued life insurance policy number 01T1626745 with a face amount of $125,000 (the "Policy") insuring the life of Robin L. Re (the "Deceased"). A copy of the Policy is attached hereto as Exhibit A.

7. At the time the Policy was issued, Rana Liane Crutchfield, the Decedent's sister was designated as the sole primary beneficiary. *Id*.

8. On or about April 24, 2013, LBL received a request to change the Policy's beneficiary to Defendant Timothy A. Bolton as the sole primary beneficiary. *See* 2013 Change of Beneficiary Request, attached hereto as Exhibit B. The box on the request form indicating that the new beneficiary was to be an irrevocable beneficiary was not checked. However, Defendant Bolton signed the Change of Beneficiary Request form as "irrevocable beneficiary." *Id*.

9. On or about May 8, 2013, LBL received an amendment to the April 24, 2013 Change of Beneficiary Request clarifying that the Decedent's intent was to designate Defendant Bolton as an irrevocable beneficiary. *See* 2013 Change of Beneficiary Request Amendment, attached hereto as Exhibit C.

2

10. On or about May 9, 2013, LBL sent a letter to the Decedent acknowledging the requested beneficiary change. *See* Letter dated May 9, 2013, attached hereto as Exhibit D.

11. On or about March 19, 2020, LBL received a request to change the Policy's beneficiary to Defendant Richard L. Schulte II, as the sole primary beneficiary. *See* 2020 Change of Beneficiary Request, attached hereto as Exhibit E.

12. On March 26, 2020, LBL sent a letter to the Decedent acknowledging the requested beneficiary change. *See* Letter dated March 26, 2020, attached hereto as Exhibit F.

13. No further change requests were received. Robin L. Re died on December 21, 2021.

14. Following Decedent's death, LBL has received conflicting claims to the Policy's death benefit from Defendants, with both claiming to be the sole beneficiary. LBL is unable to determine the proper beneficiary.

## Count One

### Interpleader Relief

15. LBL hereby incorporates Paragraphs 1-14 by reference.

16. As a result of the foregoing, there exists actual or potential rival, adverse, and conflicting claims to the benefit described above, and LBL is unable to discharge its admitted liability without exposure to multiple liability, multiple litigation, or both.

17. LBL is an innocent stakeholder seeking to interplead funds into the Court's Registry to resolve conflicting claims and the potential for multiple litigation relating to the benefits due and owing under the Policy.

18. LBL neither has, nor claims, any interest in the death benefit under the Policy, and at all times has been willing to pay the death benefit to the person or persons entitled to them.

19. LBL should not be compelled to become involved in the dispute or contentions of the competing claimants, and the competing claimants should be ordered to litigate amongst themselves without further involvement of LBL.

20. LBL has in no way colluded with any of the parties named herein concerning the matters of this case. LBL has filed this Complaint for Interpleader Relief of its own free will to avoid multiple liability, multiple litigation, or both.

21. LBL alleges that it is entitled to interpleader relief pursuant to Fed. R. Civ. P. 22 and further alleges that it is entitled to recover reasonable attorneys' fees and costs as a result of these proceedings.

### **Relief Requested**

WHEREFORE, LBL requests the following relief:

a. That Defendants be enjoined from instituting or prosecuting against LBL any proceeding in any state or United States Court or administrative tribunal relating to the death benefit payable under the Policy issued on the life of Robin L. Re and on account of the death of Robin L. Re, and that said injunction issue without bond or surety;

b. That Defendants be required to make full and complete Answer to this Complaint for Interpleader Relief, and to set forth to which of them the death benefit, or any part thereof, rightfully belongs, and how they make their claims thereto;

c. That this Court determine and declare the rights of the Defendants to the death benefit due and owing under Policy on the life of Robin L. Re;

d. That this Court discharge LBL of and from any and all further liability under the Policy issued on the life of Robin L. Re and on account of the death of Robin L. Re;

e. That this Court excuse LBL from further attendance upon this cause and dismiss LBL from this case, with prejudice;

f. That this Court enter an order awarding LBL its attorneys' fees and costs in connection with this action, to be deducted from the benefit due and owing under the Policy on the life of Robin L. Re; and

    g.    That this Court grant LBL such other and further relief as this Court deems just and equitable.

Dated: September 8, 2022                                  Respectfully submitted,

                                                                    */s/ **Ian D. Mitchell***
                                                                    Ian D. Mitchell (0090643)
                                                                    REMINGER CO., L.P.A.
                                                                    525 Vine Street, Suite 1500
                                                                    Cincinnati, OH 45202
                                                                    T:  513-455-4037
                                                                    F: 513-721-2553
                                                                    imitchell@reminger.com
                                                                    ***Counsel for Plaintiff Lincoln Benefit Life Co.***

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of September, 2022, I caused the foregoing to be electronically filed with the Clerk of the Court by using CM/ECF system, which will send a notice of electronic filing to counsel of record.

*/s/ Ian D. Mitchell*
Ian D. Mitchell, Esq. (0090643)