IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Lincoln Benefit Life Company, : | |
| : | Case No. 1:22-cv-524 |
| Plaintiff, : | |
| : | Judge Susan J. Dlott |
| v. : | |
| : | **ORDER GRANTING IN PART AND** |
| Timothy A. Bolton, : | **DENYING IN PART MOTION TO** |
| Richard L. Schulte II, : | **DISMISS AND DENYING MOTION** |
| : | **FOR DISCHARGE** |
| Defendants. : | |

This matter is before the Court on Defendant Timothy Bolton's Motion to Dismiss the Crossclaim of Richard Schulte (Doc. 11) and Plaintiff Lincoln Benefit Life Company's Motion for Discharge and Dismissal (Doc. 25). Defendant Richard Schulte has filed a response to both motions. (Docs. 17, 26.) Lincoln Benefit has filed a reply. (Doc. 27.)

I.  **BACKGROUND**[1]

Robin Re, since deceased, submitted a Change of Beneficiary form to her life insurer, Lincoln Benefit. She named her then-boyfriend Bolton as her beneficiary. Bolton signed the form on the line designating him an irrevocable beneficiary, but Re did not check the box designating Bolton as an irrevocable beneficiary. After a letter informing her of this discrepancy, Re submitted an additional form purporting to name Bolton an irrevocable beneficiary. Several years later, Re submitted a second change of beneficiary form naming Schulte her primary beneficiary. Lincoln Benefit then sent her a letter stating that Schulte was

---

[1] The facts in this order are taken from the documents attached to Lincoln Benefit's Complaint, the accuracy of which the parties do not dispute, and from Schulte's Complaint. Since Bolton and Lincoln Benefit are moving to dismiss Schulte's Complaint, the Court assumes as true the facts contained in Schulte's Complaint.

now her sole primary beneficiary. After Re's death, both Schulte and Bolton filed claims with Lincoln Benefit for the insurance proceeds.

Lincoln Benefit filed the instant case as an interpleader action against Bolton and Schulte seeking a judicial determination of who is entitled to the proceeds. Schulte filed counterclaims against Lincoln Benefit for breach of contract, negligence, negligent misrepresentation, bad faith breach of contract, common law fraud and deceit, promissory estoppel, and equitable estoppel. He also filed a crossclaim against Bolton for undue influence. All parties have filed Answers to the Complaints. Bolton has moved to dismiss Schulte's crossclaim. Lincoln Benefit has moved to dismiss Schulte's counterclaims. Lincoln Benefit is also seeking an order discharging it from any liability related to the life insurance policy at issue in this case and enjoining Defendants from bringing any suit against it in any court related to the life insurance policy.

## II. LEGAL STANDARD AND ANALYSIS

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To withstand a motion to dismiss, a complaint must comply with Federal Rule of Civil Procedure 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting Rule 8(a)).

A complaint must include sufficient facts to state a claim that is plausible on its face and not speculative. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Mere "labels and conclusions [or] a formulaic recitation of the elements of a cause of action" will not suffice. *Twombly*, 550 U.S. at 555. A complaint must contain "either direct or

inferential allegations respecting all material elements to sustain a recovery under some viable legal theory." *DiGeronimo Aggregates, LLC v. Zemla*, 763 F.3d 506, 509 (6th Cir. 2014) (citation omitted). However, it "does not need detailed factual allegations" or "heightened fact pleading of specifics." *Twombly*, 550 U.S. at 555, 570. A district court examining the sufficiency of a complaint must accept well-pleaded facts as true, but not legal conclusions or legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678–79; *DiGeronimo Aggregates*, 763 F.3d at 509.

### III. ANALYSIS

#### A. Crossclaim Against Bolton

Bolton has moved to dismiss the crossclaim for undue influence Schulte filed against him. (Doc. 11.) In order to plead a crossclaim for undue influence, Schulte must plead facts that suggest that Re was susceptible to undue influence when she made Bolton an irrevocable beneficiary. *West v. Henry*, 173 Ohio St. 498, 501 (1962); *Wallbrown v. Kent State Univ.*, 143 Ohio App.3d 762, 768 (Ohio Ct. App. 2001). "In evaluating whether a person was susceptible to influence, courts in Ohio have typically looked to the testator's personal characteristics and health." *Arnold v. PNC Bank, N.A.*, No. 2:20-cv-1804, 2022 WL 17968556 at *5 (S.D. Ohio Dec. 27, 2022). Because susceptibility is an element of the claim, Schulte must provide "sufficient factual matter, accepted as true" to allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. 678.

Schulte asks the Court to infer from the fact that Re did not check the irrevocable beneficiary box on her initial change of beneficiary form, and only later purportedly indicated that Bolton was to be an irrevocable beneficiary, that undue influence occurred and that Re was a susceptible testator. However, Schulte does not allege sufficient facts to create a plausible

inference that Re was a susceptible testator. He alleges no facts at all about her mental or physical condition or her personal characteristics. The mere fact that she did not initially check the irrevocable beneficiary box does not make Re susceptible to undue influence. Therefore, the Court will grant Bolton's Motion to Dismiss.

### B. Motion for Discharge

Lincoln Benefit moves for discharge on the grounds that it has satisfied all the requirements of interpleader. Schulte argues that discharge is inappropriate because Lincoln Benefit is not an innocent stakeholder, but has wrongfully caused the conflict at issue in this case.

The purpose of an interpleader action is to allow the stakeholder to determine to whom to distribute the funds in its possession without fear of double liability. A proper interpleader "shield[s] the interpleader-plaintiff from liability for counterclaims where the 'counterclaims are essentially based on the plaintiff's having opted to proceed via an interpleader complaint rather than having chosen from among adverse claimants." *Wachovia Bank, N.A., v. Zomax Inc.,* 2:09-cv-76, 2009 WL 5101319 at *4 (Dec. 17, 2009 S.D. Ohio) (quoting *Metro. Life Ins. Co. v. Barretto,* 178 F.Supp.2d 745, 748 (S.D. Tex. 2001)).

Interpleader is an equitable proceeding. In the first stage of the interpleader proceeding, prior to discharging the plaintiff, a court must determine "whether any equitable concerns prevent the use of interpleader." *United States v. High Tech. Products, Inc.,* 497 F.3d 637, 641 (6th Cir. 2007). There is little case law in the Sixth Circuit discussing these equitable doctrines as they apply to interpleader. *Ky. Petroleum Operating Ltd. v. Golden*, No. 12-164, 2014 WL 12647903 at *2 (Nov. 18, 2014 E.D. Ky.). However, other Circuits have held that when the plaintiff is at fault for causing the dispute between the claimants, thus necessitating an

interpleader suit, the shield of interpleader may not be proper. *Primerica Life Ins. Co. v. Woodall,* 975 F.3d 697, 700 (8th Cir. 2020) (holding that the doctrine of unclean hands may bar interpleader when life insurer allegedly mishandled the change of beneficiary process, leading to competing claims); *Sevelitte v. Guardian Life Ins. Co. of Am.*, 55 F.4th 71, 81 (1st Cir. 2022); *Lee v. West Coast Life Ins. Co.*, 68 F.3d 1004, 1012 (9th Cir. 2012).

If Lincoln Benefit acted not just negligently, but willfully or in bad faith in creating the conflicting claims, it is not entitled to interpleader. *See Primerica Life Ins. Co. v. Woodall,* 38 F.4th 724, 726–27 (8th Cir. 2022). Reading Schulte's complaint as a whole, he alleges that Lincoln Benefit knew about the two forms which Re had submitted purporting to name Bolton her irrevocable beneficiary, and nevertheless processed the change of beneficiary form designating Schulte as the new beneficiary. (Doc. 9 at PageID 83–84.) He alleges that Lincoln Benefit, despite knowing of this potential conflict, told Re that Schulte was her new beneficiary, making it impossible to resolve this conflict prior to her death, resulting in the present litigation. Taking these allegations as true, a factfinder can infer that Lincoln Benefit acted willfully in creating this conflict. It may turn out that Lincoln Benefit was only negligent, and did not act willfully or in bad faith. However, accepting all of Schulte's allegations as true, the Court finds that Lincoln Benefit is not entitled at this stage to the shield that interpleader would normally provide.

While historically these equitable concerns would result in a court dismissing the interpleader action, modern courts have taken a more flexible approach. While it would be inequitable to allow Lincoln Benefit to take advantage of the shield from liability that interpleader provides despite its unclean hands, it would be contrary to judicial economy and wasteful of the parties time and resources to require Bolton and Schulte to litigate their claims

5

separately. Therefore, the Court will allow this case to proceed, but Defendants may bring such counterclaims as they can.

### C. Schulte's Counterclaims against Lincoln Benefit

#### 1. Breach of Insurance Contract and Bad Faith Breach of Insurance Contract

Ordinarily, having filed an interpleader action, Lincoln Benefit would be shielded from breach of contract claims relating to its failure to pay the death benefit. However, for the reasons explained above, Lincoln Benefit may not shield itself from a breach of contract counterclaim alleging that it is at fault in creating the dispute. *Primerica*, 975 F.3d at 700. Therefore, the Court will not dismiss Schulte's claims for breach of contract.

#### 2. Negligence

Lincoln Benefit moves to dismiss Schulte's claim against it for negligence on the grounds that his claim is barred by the economic loss doctrine. Under Ohio law, "in the absence of injury to persons or damage to other property the commercial buyer may not recover for economic losses premised on tort theories of . . . negligence." *Chemtrol Adhesives, Inc. v. American Mfrs. Mut. Ins. Co.*, 537 N.E.2d 624, 635 (Ohio Sup. Ct. 1989). Courts have regularly held that this doctrine shields insurance companies and insurance brokers from pure negligence claims, and not only to commercial buyers. *See Momentive Spec. Chem. Inc. v. Chartis Spec. Ins. Co.,* 2:11-cv-583, 2012 WL 832288 *4 (March 12, 2012 S.D. Ohio) (collecting cases).

Whatever duties Lincoln Benefit owed to Schulte arose out of its insurance contract with Re. As a result, he cannot recover for purely economic losses resulting from negligence in tort. *Pavlovich v. Nat'l City Bank*, 435 F.3d 560, 569 (6th Cir. 2006). Since Schulte has not alleged any damage to physical property or persons, the economic loss doctrine bars him for recovering damages for negligence in tort. Therefore, the Court will dismiss Schulte's negligence claim.

### 3. Negligent Misrepresentation, Promissory Estoppel, Fraud, and Equitable Estoppel

Lincoln Benefit moves to dismiss Schulte's claims against it for negligent misrepresentation, promissory estoppel, fraud, and equitable estoppel. All four of these claims require reliance on the part of the plaintiff. *Long v. Time Ins. Co.,* 572 F.Supp.2d 907, 912 (S.D. Ohio 2008) (negligent misrepresentation); *Olympic Holding Co., LLC. v. ACE Ltd.,* 909 N.E.2d 93, 101 (Ohio Sup. Ct. 2009) (promissory estoppel); *Rheinfrank v. Abbot Lab'ys, Inc.*, 119 F.Supp.3d 749, 788 (S.D. Ohio 2015) (common law fraud); *Doe v. Archdiocese of Cincinnati*, 880 N.E.2d 892, 895 (Ohio Sup. Ct. 2008) (equitable estoppel). Schulte does not allege facts suggesting how he relied on Lincoln Benefit's alleged misrepresentations. Instead, he simply states that there was reliance. Formulaic recitation of the elements is not sufficient under the Federal Rules. *Twombley,* 550 U.S. at 555. As a result, these claims are dismissed.

### III. CONCLUSION

For the reasons explained herein, Plaintiff Lincoln Benefit's Motion to Dismiss and for Discharge is **GRANTED IN PART AND DENIED IN PART**. Lincoln Benefit's Motion to Dismiss is denied at to Counts I and IV and is granted as to Counts II, III, V, VI, and VIII. Bolton's Motion to Dismiss is **GRANTED**.

    **IT IS SO ORDERED.**

S/Susan J. Dlott_____
Judge Susan J. Dlott
United States District Court